UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DONNY WHITE, ) | |
| ) | |
| Plaintiff, ) | No. 6:24-CV-187-HAI |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION &** |
| FRANK BISIGNANO, ) | **ORDER** |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Claimant Donny White seeks review of the Social Security Administration's ("the SSA") denial of his request for disability benefits beginning on March 28, 2019. D.E. 12 at 16.[1] White initially filed a Title II application for disability and disability insurance on November 7, 2021.[2] *Id.* Administrative Law Judge ("ALJ") Lyle Eastham denied his application on October 20, 2025. D.E. 13 at 33. On December 20, 2024, after the Appeals Council denied review of his claim, Plaintiff sought judicial review. D.E. 1. The Commissioner filed an answer on February 10, 2025. D.E. 12. Plaintiff filed his opening brief on March 12, 2025. D.E. 13. The Commissioner filed a responsive brief on March 21, 2025, to which Plaintiff replied on April 4, 2025. D.E. 15; D.E. 16. Thus, the matter is ripe for adjudication.

---

[1] Pinpoint citations herein are to the blue page numbers generated by CM/ECF.
[2] The ALJ considered this filing "an implied request to reopen the prior application." D.E. 12 at 16. Plaintiff previously filed for disability on June 23, 2017. The application was denied after hearing by an ALJ on March 27, 2019. *Id.* The ALJ who reviewed the November 7, 2021, application found a more restrictive RFC than the preceding ALJ but explained that there was new and material evidence supporting the changes. *Id.* He further found the changes immaterial because the resulting denial remained the same. *Id.* Neither party questions those findings.

The Court has jurisdiction to hear White's challenge under 42 U.S.C. § 405(g). Both parties consented to the referral of this matter to a magistrate judge. D.E. 9. Accordingly, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. D.E. 10. The Court, having reviewed the record and for the reasons stated herein, **GRANTS** White's request to remand for further proceedings consistent with this Order.

### I.   The ALJ's Decision

Under 20 C.F.R. §§ 404.1520, 416.920, an ALJ conducts a five-step analysis to evaluate a disability claim. The ALJ followed these procedures in this case. *See* D.E. 12 at 17-33.

At the first step, the ALJ must determine whether the claimant is currently engaged in a substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Here, the ALJ found Plaintiff had not been engaged in a substantial gainful activity since the alleged onset of his disability, March 28, 2019. D.E. 12 at 19.

At the second step, the ALJ must determine whether the claimant has "a severe medically determinable physical or mental impairment that meets the [Social Security Act's] duration requirement . . . or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii). The ALJ found Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease, hypertension, chronic kidney disease, obesity, lupus, osteoarthritis, and depression. D.E. 12 at 19.

At the third step, the ALJ must determine whether the claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the claimant is found to be disabled. 20 C.F.R. § 404.1520(d). Here, the ALJ found Plaintiff to have no such impairment. D.E. 12 at 20.

When a claimant is not found disabled at the third step, the ALJ proceeds to the fourth step. At the fourth step, the ALJ must determine the claimant's past relevant work history and Residual Functional Capacity ("RFC"), which is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ found Plaintiff had

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except frequent bilateral upper extremity reaching, handling, finger, and feeling; occasional climbing ramps and stairs; never climbing ladders, ropes, or scaffolds; frequently balance . . . and stooping; occasional crouching; never kneeling or crawling; occasional exposure to vibrations, extreme temperatures, and pulmonary irritants; no exposure to unprotected heights or dangerous machinery; no fast paced production rate work such as seen with an hourly quota driven system or a conveyor belt paced rate of work; simple tasks with simple instructions; and cane used to ambulate to and from the workstation only with the ability to carry up to the maximum weight for the light work exertion level in the free hand.

D.E. 12 at 23. The ALJ further determined that Plaintiff was unable to perform his past relevant work as a maintenance mechanic. *Id.* at 31.

Thus, the ALJ proceeded to step five of the analysis. At step five, the ALJ must determine if a claimant can adjust to other work given the claimant's RFC, age, education, and experience. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the ALJ must determine whether such jobs exist in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(1). The claimant is not disabled if the SSA establishes such jobs exist. *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999). Here, the ALJ found that Plaintiff could continue to work as a cashier II, small products assembler, document preparer, and surveillance system monitor. D.E. 12 at 32. Each of these jobs were deemed to exist in significant numbers in the national economy. *Id.* at 32-33.

Plaintiff contests the ALJ's decision on two grounds. First, he argues that the ALJ failed to properly articulate the persuasiveness of a medical opinion, given the RFC stated Plaintiff could

do simple tasks with simple instructions contrary to a medical examiner's findings. D.E. 13 at 8. Second, he argues that the ALJ erred by excluding mild limitations on managing oneself, interacting with others, and adapting from the RFC. D.E. 13 at 13.

## II.   Standards of Review

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Federal courts may remand the Commissioner's decision on the basis that the ALJ failed to follow a procedural rule, as "it is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545, (6th Cir. 2004). "'[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Generally, administrative procedural mistakes are reviewed for harmless error. *Rabbers*, 582 F.3d at 654.

An ALJ is required by regulation to evaluate the persuasiveness of medical opinions in comparison to the record as a whole. 20 C.F.R. § 404.1520c. In particular, the ALJ is required to

articulate the "consistency" and "supportability" of the medical opinion. *Id*. "Supportability evaluates how well 'the objective medical evidence and supporting explanations presented by a medical source' support a medical opinion." *Sallaz v. Comm'r of Soc. Sec.*, No. 23-3825, 2024 WL 2955645, at *15 (6th Cir. June 12, 2024) (quoting 20 C.F.R. § 404.1520c(c)(1)). "An ALJ 'is not required to discuss every detail presented in the 'voluminous case records' nor does [he] need to explain [his] evaluation of each portion of a medical source's opinion.'" *Ebeling v. Comm'r of Soc. Sec.*, No. 21-CV-00115, 2022 WL 3006209, at *3 (W.D. Ky. July 28, 2022) (citing 20 C.F.R. § 404.1520c(b)). Meanwhile "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*. "Unlike the supportability factor, an evaluation of a medical opinion's [consistency] requires the ALJ to compare the physician's opinion to other medical and non-medical evidence from other sources." *Smith v. O'Malley*, No. 5:23-CV-00220-MAS, 2024 WL 4254083 (E.D. Ky. 2024).

### III. Limitations on "Simple Tasks with Simple Instructions"

Plaintiff first alleges that the ALJ erred by excluding limitations on Plaintiff's ability to follow simple instructions, despite finding persuasive a medical opinion that Plaintiff had mild limitations in his ability to "understand and remember simple instructions." D.E. 13 at 8-12.

The ALJ's decision discussed two state agency psychologist medical opinions and one consultative psychologist opinion. D.E. 12 at 29-31. The two state agency psychologists agreed that Plaintiff had "mild limitations in understanding, remembering, or applying information[.]" *Id.* at 29. The consultative opinion, written by Dr. Christi M. Hundley, found that Plaintiff's "ability to understand and remember is mildly limited." *Id.* at 30. The ALJ found all the opinions partially

5

persuasive. As to the two state agency psychologists, the ALJ disagreed with the anxiety diagnosis and found that Plaintiff's limitations in concentration, persistence, and pace were greater than the opinions suggested. *Id.* at 30. The ALJ otherwise found that the state agency opinions were persuasive because they were "supported by detailed explanation and evidence reviewed and [were] consistent with evidence obtained at the hearing level." *Id.*

The ALJ may not have explicitly discussed the state agency's determination of mild limitations in understanding, remembering, or applying information, but he did explicitly discuss these limitations when evaluating Dr. Hundley's opinion. The ALJ disagreed with Dr. Hundley's finding that Plaintiff has moderate limitations in social functioning and moderate to marked limitations in adapting (tolerating stress). *Id*. But, he did "find persuasive Dr. Hundley's opinion that the claimant only has mild limitations understanding and remembering simple instructions and has fair concentration, as these are supported by the examination findings and consistent with other evidence in the record." *Id*. at 30-31. Despite this, the RFC maintained Plaintiff could do "simple tasks with simple instructions," ignoring the mild limitation. *Id.* at 23.

Plaintiff contends that the ALJ's failure to include any limitation relating to "simple tasks with simple instructions" in the RFC, contrary to the finding that a mild limitation in following simple instructions was persuasive, is legal error. D.E. 13 at 8. The Commissioner posits that the ALJ did not err because he was not required to incorporate the "mild limitations" into the RFC. D.E. 15 at 4-5. Plaintiff is correct in asserting that the ALJ was under the obligation to explain why he included the limitless ability to follow simple instructions, despite finding the medical opinion that Plaintiff had mild limitations in this area persuasive.

The issue is not that Plaintiff seeks greater limitations in the RFC. The issue is that the ALJ specifically found persuasive the medical opinion that Plaintiff had a mild limitation in

6

understanding and remembering simple instructions but held in the RFC that Plaintiff could do "simple tasks with simple instructions" *with no limitation.* D.E. 12 at 23. The Commissioner is correct in asserting that an ALJ need not include every mild limitation in the RFC. D.E. 15 at 5. But, where the ALJ specifically includes an ability to function at a different level than was identified by medical experts, regulatory requirements on evaluating medical opinions mandate that the basis for the difference be articulated. The unexplained inconsistency is a legal error. An ALJ cannot have properly evaluated a medical opinion if its ultimate finding directly contradicts a persuasive medical opinion without explanation.

Mild limitations are the least restrictive form of limitation that can be assigned to a mental impairment. Mild limitations are still different than no limitations. 20 C.F.R. Part 404, Subpart P, Appendix 1 (defining mild limitation as functioning that is "slightly limited," while defining no limitation as full ability to function "independently, appropriately, effectively, and on a sustained basis."); *see Hurt v. O'Malley*, No. CIV-23-518-AMG, 2024 WL 1863122 at *5 (W.D.Ok. Apr. 29, 2024) ("A mild limitation is not the same as no limitation."). By excluding any limitation from the RFC, the ALJ departed from persuasive medical findings without explanation, leaving this Court unable to discern why the findings were omitted from the RFC.

The Commissioner makes several arguments that ultimately stray from the core of the issue: the lack of articulation. First, the Commissioner argues Plaintiff's point is invalid because the ALJ found persuasive the mild limitations on understanding and remembering simple instructions *and* the fair ability to maintain attention and concentration. D.E. 15 at 5-6. Plaintiff's brief does not address attention and concentration. D.E. 14 at 5-6. These abilities are not facially relevant. Without explanation, the Commissioner suggests the latter ability justifies the "simple tasks with simple instructions" element. *Id.* This is not explained in the ALJ's decision. These

7

are entirely different categories in social security regulation. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.00(F)(2) (listing the ability to "understand, remember, or apply information" as a separate paragraph B criterion than "concentrate, persist, or maintain pace").

Next, the Commissioner argues this is not an assertion of legal error, but rather a challenge to a factual finding that should be reviewed under the substantial evidence standard. D.E. 15 at 6. That is incorrect. The challenge is rightfully directed at the ALJ's failure to appropriately evaluate Dr. Hundley's medical opinion by departing from that opinion in the RFC without explanation. In his discussion of the opinions, after reviewing the medical records for supportability and consistency, the ALJ finds the mild limitation persuasive. Plaintiff does not argue that there should be a higher limitation. *See* D.E. 16 at 2-3. The ALJ failed to adequately articulate his findings, to the extent that the Court cannot conduct meaningful review. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (holding an ALJ's failure to follow agency rules indicates a lack of substantial evidence, "even where the conclusion of the ALJ may be justified upon the record").

Next, the Commissioner argues Plaintiff fails to identify what limitations should have been applied. D.E. 15 at 6. This is inaccurate. Plaintiff did identify what limitation should apply – the mild limitation on his ability to follow simple instructions. D.E. 13 at 12. Plaintiff requests the limitation applied in the RFC match the limitation identified in the ALJ's decision.

Finally, the Commissioner states Plaintiff failed to demonstrate how the mild limitation would have precluded him from performing unskilled jobs, seemingly suggesting any error was harmless. D.E. 15 at 6. An agency's procedural lapse that deprives a claimant of their substantial rights will be subject to remand. *Rabbers*, 582 F.3d at 654 (quoting *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir 1983)). Here, the ALJ only questioned the Vocational Examiner about "simple tasks with simple instructions," not mild limitations to understanding and

8

remembering simple instructions. D.E. 12 at 66-72. This is an inaccurate "portray[al] [of Plaintiff's] individual physical and mental impairments" and as such, the ALJ's determination that jobs existed in the national economy that matched Plaintiff's abilities was not supported by substantial evidence. *See Howard v. Commissioner of Social Sec.*, 276 F.3d 235, 238-39 (6th Cir. 2002) (holding a Vocational Expert's testimony based on inaccurate questioning cannot serve as substantial evidence for an "other work" determination) (quoting *Varley v. Sec'y of Health & Human Services*, 820 F.2d 777, 779 (6th Cir. 1987)); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 631 (6th Cir. 2004) (discussing *Howard* and noting that "a denial of benefits based upon an ALJ's improper calculation of a claimant's residual functional capacity . . . must be reversed")); *Moore v. Colvin*, No. 2:14-CV-455, 2015 WL 5675805, at *7 (S.D. Ohio Sept. 28, 2015). Without proper testimony from a vocational expert, there is no evidence to determine whether Plaintiff is capable of performing any job sufficiently prevalent in the national economy.

Accordingly, remand is necessary to address whether Plaintiff has mild limitations on his ability to follow and remember simple instructions, and, if so, how that impacts Plaintiff's work opportunities.

### IV.    Interacting with Others, Managing Oneself, and Adapting

Next, Plaintiff argues that the ALJ erred by excluding limitations on Plaintiff's ability to interact with others, adapt, or manage oneself without explanation. D.E. 13 at 13. Plaintiff contends

> despite concluding that the Plaintiff was mildly limited in his ability to interact with others and manage himself, the ALJ failed to mention in the RFC any mental limitations, *mild* or otherwise, that accounted for the Plaintiff's issues with his ability to interact with others and adapt or manage oneself. Here, the ALJ's decision does not conclusively indicate that the ALJ analyzed the mild mental limitations when determining the RFC, or that the ALJ's omission of the limitation was intentional. In other words, although the ALJ analyzed the Plaintiff's

9

> limitations to determine their severity at step two of the sequential analysis, the ALJ did not properly address those limitations in determining the Plaintiff's RFC.

D.E. 13 at 14.

When evaluating paragraph B criteria for the purpose of determining the severity of Plaintiff's impairment in Step 2 and whether it matches a listed impairment in Step 3, the ALJ found that Plaintiff had mild limitations in interacting with others and adapting or managing oneself. D.E. 12 at 22. These limitations were not included in the RFC. *Id.* at 23. However, the Court finds no legal error in the exclusion.

The ALJ was under no obligation to include his Paragraph B findings in the RFC. An ALJ's Paragraph B findings in the sequential process are a "threshold inquiry" concerning whether an impairment is severe at Step Two and equals a listed impairment at Step Three. *Deaner v. Commissioner of Social Security*, 840 F.App'x 813, 817 (Sixth Cir. Dec. 21, 2020); SSR 96-8P, 1996 WL 374184 (July 2, 1996). The "limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment. . ." SSR 96-8P at *4.

While the ALJ was obligated to consider all paragraph B criteria in his RFC determination, his paragraph B findings did not need to be directly transferred into his RFC. As the ALJ explained in his decision,

> [t]he limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of the mental impairments at steps 2 and 3 of the sequential process . . . The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis.

D.E. 12 at 23. The specific findings in the paragraph B analysis are inconsequential to the later formulated RFC.

The ALJ did discuss these mental limitations, both broadly and with specific reference to the ability to manage, adapt, and interact, while evaluating the RFC. The ALJ described how

10

Plaintiff managed his mental health solely using medications prescribed by his primary care physician, had never received counseling or therapy, had never been to a psychiatrist, and had never been hospitalized for mental illness. *Id.* at 30. The ALJ specifically found Dr. Hundley's findings of "moderate limitations" in social functioning and moderate to marked limitations in adapting unpersuasive, explaining "[a]lthough claimant was noted with a dysphoric and somewhat irritable mood, he was also noted to be pleasant and cooperative" and "the claimant also denied having any problems getting along with others." *Id*.

In discussing the three functional abilities, the ALJ referenced specific portions of the record to justify the absence of these mental limitations. He wrote that Plaintiff "denied having any problems getting along with others, his wife reported that he goes out to eat or rides to town with her every couple of months to get out of the house, and the claimant admitted at the hearing that his medication does help his depression." D.E. 12 at 30 (citations omitted). He also noted that the evidence "shows that the claimant is able to manage finances and medications, prepare simple meals, help with household chores and laundry, shop using the computer, drive, and watch television daily." *Id*. at 31. These examples from the record explain why functional limitations related to Plaintiff's ability to interact with others, manage himself, and adapt were not included in the RFC.

Plaintiff's two arguments are similar, both involve exclusions of mental limitations from the RFC. The primary distinction giving merit to the first is that the ALJ included a limitation in the RFC that was *different* from the one he found persuasive without explanation. As to this second argument, the ALJ did not include any limitations concerning Plaintiff's ability to interact with others, manage oneself, or adapt in the RFC, and never formally found these limitations to be

11

persuasive in a medical opinion's findings. Rather, he explained why the limitations were unnecessary. As such, Plaintiff is not entitled to relief on this ground.

## V. Requested Relief

In his brief, Plaintiff requests that the ALJ's decision be reversed and remanded as to his first argument (D.E. 13 at 12) and that the denial of benefits be vacated and the case be remanded as to his second argument (D.E. 13 at 16). Vacatur and remand under sentence four of 42 U.S.C. § 405(g) are the appropriate remedy. Further proceedings by an Administrative Law Judge are necessary to determine Plaintiff's ability to follow and understand simple instructions and what, if any, impact they have on what jobs exist in the national economy that Plaintiff can perform.

## VI. Conclusion

The Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's request for remand (D.E. 13 at 12) is **GRANTED**. Plaintiff's request for reversal (D.E. 13 at 16) **DENIED**.

(2) The Commissioner's request to affirm (D.E. 15) is **DENIED IN PART** and **GRANTED IN PART.** The Court **REMANDS** this matter to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g) for further consideration consistent with this Order.

This the 8th day of August, 2025.



Signed By:
*Hanly A. Ingram*
United States Magistrate Judge